UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ABIRA MEDICAL LABORATORIES, LLC,

    Plaintiff,

vs.

CARESOURCE, *et al.*,

    Defendants.

Case No. 3:24-cv-157

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. No. 12); (2) DISMISSING COUNTS II AND III OF THE AMENDED COMPLAINT (Doc. No. 11); (3) PERMITTING THE CASE TO PROCEED WITH THE FOLLOWING CLAIMS: COUNTS I AND IV (BREACH OF CONTRACT AND QUANTUM MERUIT/UNJUST ENRICHMENT) AGAINST DEFENDANT CARESOURCE; AND (4) REFERRING THIS MATTER TO MAGISTRATE JUDGE SILVAIN SO THAT A MEDIATION CONFERENCE CALL BETWEEN MAGISTRATE JUDGE GENTRY AND COUNSEL FOR BOTH SIDES CAN PROMPTLY OCCUR**

---

This is a civil case, premised on the Court's diversity jurisdiction,[1] in which Abira Medical Laboratories, LLC ("Abira"), doing business as Genesis Diagnostics, performed laboratory testing services for Defendant CareSource's insured members ("members").  Doc. No. 11 at PageID 65. Abira alleges that "the requisitions of laboratory testing services" submitted on CareSource members' behalf included an assignment of benefits that created a contractual agreement requiring CareSource to pay Abira for services and allowing Abira to sue for non-payment.  *Id.* at PageID 65-66.  As a result of the alleged assignment of benefits, Abira asserts that CareSource has failed to pay (or has underpaid) Abira's claims submitted to CareSource, totaling $665,518.  *Id.* at PageID 68-69, 82.

---

[1] Accordingly, Ohio law controls. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

1

The Court has already afforded Abria an opportunity to amend its complaint. *Id.* In Abira's Amended Complaint, it alleges seven state-law claims[2] against CareSource: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraudulent misrepresentation; (4) negligent misrepresentation; (5) equitable estoppel; (6) promissory estoppel; and (7) quantum meruit/unjust enrichment. *See generally id.* CareSource filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 12. In response to the motion, Abira filed a memorandum in opposition (Doc. No. 15), and CareSource replied. Doc. No. 17. Thus, the motion is ripe for review.

## I. Legal Standard

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint will not suffice if it offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual

---

[2] Abira incorrectly pled four counts, but Count III is four separate state-law claims.

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. Analysis

### A. Count I: Breach of Contract

In Ohio, a plaintiff must establish four elements for a breach of contract claim: "(a) the existence of a contract; (b) performance by the plaintiff; (c) breach by the defendant; and (d) damage or loss to the plaintiff." *Thomas v. Publishers Clearing House, Inc.*, 29 Fed. App'x 319, 322 (6th Cir. 2002) (citing *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994)). Abira adequately pleads performance and damages related to the alleged breach because Abira claims it performed laboratory testing services for CareSource's members worth $665,518, but Abira never received payment or did not receive full payment. Doc. No. 11 at PageID 67-69, 77-82.

CareSource argues in favor of dismissing Abira's breach of contract claim because Abira has not properly alleged the existence of a contract (and by implication, CareSource did not breach because there was no contract). *See* Doc. Nos. 12, 17. CareSource claims that Abira "does not allege any specific contractual clauses authorizing the laboratory testing, specifying the price of such testing, or requiring CareSource to pay for the testing." Doc. No. 12 at PageID 91.

Abira's allegations must be construed in the light most favorable to it and treated as true. *See Twombly*, 550 U.S. at 555-56. Abira alleges that it performed approximately 192 laboratory testing services for CareSource members, and CareSource did not pay (or has underpaid) for the services. Doc. No. 11 at PageID 68-69, 71. Abira attached a spreadsheet to its Amended

3

Complaint alleging the date, amount billed, and accession number (a unique identifier) for each test. *Id.* at PageID 77-82.

Abira further alleges after it performed each test, it sent a requisition for laboratory testing services to CareSource where each member "executed an assignment of benefits with respect to their original requisitions for services" and that created an assignment of contractual rights. Doc. No. 11 at PageID 65-69. In other words, Abira and CareSource's contractual relationship stems from these documents because they purportedly assign the benefit of payments from CareSource to Abira. As discussed above, Abira alleges it completed the tests in exchange for the promise of the assigned payments.

Under Ohio law, "the assignee of a contract takes that contract with all rights of the assignor and subject to all defenses that the obligor may have had against the assignor," including the right to any payment under the contract and the right to sue for breach. *Citizens Fed. Bank, F.S.B. v. Brickler*, 683 N.E.2d 358, 364 (Ohio Ct. App. 1996). Here, Abira alleges that it received requisition documents with assignments from approximately 192 laboratory testing services for CareSource members. Doc. No. 11 at PageID 71, 77-82. At the current stage, Abira has plausibly shown a contractual relationship existed with CareSource.

Therefore, the Court **DENIES** CareSource's motion to dismiss Abira's breach of contract claim. Accordingly, this claim shall proceed to discovery.

**B. Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing**

"In addition to a contract's express terms, every contract imposes an implied duty of good faith and fair dealing in its performance and enforcement." *Cincinnati Dev. III, LLC v. Cincinnati Terrace Plaza, LLC*, No. 22-3303, 2023 WL 2487348, at *8 (6th Cir. Mar. 14, 2023), *reh'g denied*, No. 22-3303, 2023 WL 2747886 (6th Cir. Mar. 31, 2023) (quoting *Lucarell v. Nationwide Mut.*

4

*Ins. Co.*, 97 N.E.3d 458, 469 (Ohio 2018)).  Good faith requires a "compact reference to an implied undertaking not to take opportunistic advantage in a way that could have not been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." *Id.* (citation and quotation omitted).

Ohio does not recognize an independent cause of action for breach of the implied duty of good faith and fair dealing.  *Id.* (citing *Lucarell*, 97 N.E.3d at 469).  In other words, "there is no violation of the implied duty unless there is a breach of a specific obligation imposed by the contract, such as one that permits a party to exercise discretion in performing a contractual duty or in rejecting the other party's performance." *Id.* (citing *Lucarell*, 97 N.E.3d at 469).

Accordingly, this claim merits dismissal.  The Court **GRANTS** CareSource's motion to dismiss Abira's breach of the implied covenant of good faith and fair dealing claim.

### C. Count III: Fraudulent and Negligent Misrepresentation; Equitable and Promissory Estoppel

Abira pled Count III as one claim, but it is actually four separate state-law claims.  *See Hortman v. Miamisburg*, 852 N.E.2d 716, 719 (Ohio 2006) (analyzing promissory and equitable estoppel separately); *Patel v. Univ. of Toledo*, 95 N.E.3d 979, 986-90 (Ohio Ct. App. 2017) (analyzing negligent misrepresentation and fraud separately).  Accordingly, the Court will analyze each claim separately.

#### 1. Fraudulent Misrepresentation

Under Ohio law, the elements of common law fraudulent misrepresentation are:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

5

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 562 n.4 (6th Cir. 2007) (quoting *Burr v. Stark County Bd. of Comm'rs*, 491 N.E.2d 1101, 1102 (Ohio 1986)). For the purposes of a fraud claim, a representation of fact must be definite. *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 678 (6th Cir. 2001) (citing *Friesner v. Mid American Nat'l Bank & Trust Co.,* No. WD 88–67, 1989 WL 111756, at *5 (Ohio Ct. App. Sept. 29, 1989)).

Under Fed. R. Civ. P. 9, when alleging fraudulent misrepresentation, the party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To allege fraud with particularity, Abira, at a minimum, must "'allege the time, place, and content of the alleged misrepresentation on which [they] relied . . . .'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)).

In Abira's response to the motion to dismiss, Abira points to an alleged omission by Defendant. Abira states, "Abira also relied on the omission of Defendant to make definitive statements that it would not pay an invoice even after being presented with one." Doc. No. 15 at PageID 118. An omission is not a definite statement. *See Ullmo*, 273 F.3d at 678. Accordingly, Abira has not alleged the requirements necessary for fraudulent misrepresentation under Ohio law.

Further, Abira only vaguely refers to the content of the misrepresentation, saying an unidentified CareSource "representative . . . represented to Plaintiff . . . that Defendant would pay for services to be rendered by the Plaintiff to Defendant's insureds." Doc. No. 11 at PageID 71. Abira's allegation does not include the required time nor place of the alleged representation. *See Heinrich*, 668 F.3d at 403. Thus, it is far from pleading the "what" of any representation with the "particularity" required by Fed. R. Civ. P. 9(b). *Cf. Gozion v. Cleveland Sch. of the Arts Bd. of*

6

*Trustees*, --- N.E.3d ----, 2024 WL 2698171, at *4-5 (Ohio Ct. App. May 23, 2024), *appeal not allowed*, 241 N.E.3d 221 (Table) (Ohio 2024).

Therefore, the Court **GRANTS** CareSource's motion to dismiss Abira's fraudulent misrepresentation claim.

### 2. Negligent Misrepresentation

The elements of negligent misrepresentation require that a defendant "must (1) supply false information; (2) for the guidance of others in their business transactions; (3) causing pecuniary loss to the plaintiff; (4) while the plaintiff justifiably relied upon the information; (5) and while the defendant failed to exercise reasonable care or competence in obtaining or communicating the information." *Palmer-Donavin Mfg. Co. v. Rheem Sales Co.*, No. 2:14-CV-91, 2014 WL 2767665, at *8 (S.D. Ohio June 18, 2014) (citing *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989)).  A negligent misrepresentation claim requires a plaintiff to allege that the defendant "made some 'affirmative false statement' to [plaintiff]." *Pierre Invs., Inc. v. Fifth Third Bancorp*, No. 23-3269, 2023 WL 8373001, at *1 (6th Cir. Dec. 4, 2023) (citing *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1269 (Ohio Ct. App. 1996)).  In other words, an omission does not satisfy the elements for negligent misrepresentation.  *See id.*

Ohio law further provides:

> A core requirement in a claim for negligent misrepresentation is a special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction. This relationship occurs only in 'special' circumstances. Usually the defendant is a professional (e.g., an account[ant]) who is in the business of rendering opinions to others for their use in guiding their business, and the plaintiff is a member of a limited class. This 'special' relationship does not exist in ordinary business transactions. Those who are in the business of supplying information for the guidance of others typically include attorneys, surveyors, abstractors of title and banks dealing with non-depositors' checks.

7

*Carter-Jones Lumber Co. v. Oro RB SPE Owner, LLC*, No. 2:20-CV-04894, 2021 WL 2592531, at *13 (S.D. Ohio June 24, 2021) (quotation omitted). As noted above, special relationships include "attorneys, surveyors, abstractors of title, banks dealing with nondepositors' checks, and investment advisors." *Id.* at *14.

CareSource—an insurance company—does not fall within the traditional groups who create special relationships. *See id.* Nor has Abira has alleged any facts that the parties had a special relationship like that of an accountant or an attorney. *See generally* Doc. No. 11. Abira has not alleged any facts indicating that its relationship with CareSource was anything other than an ordinary business transaction.

As discussed above, Abira alleges the misrepresentation was based on an omission of a definitive statement. Doc. No. 15 at PageID 118. An omission is insufficient to plead a negligent misrepresentation claim. *See Pierre Invs., Inc.*, 2023 WL 8373001, at *1.

Accordingly, the Court **GRANTS** CareSource's motion to dismiss Abira's negligent misrepresentation claim.

### 3. Equitable Estoppel

Under Ohio law, equitable estoppel "is a *defense* to a legal or equitable claim, not a cause of action." *Peter D. Brown Tr. v. Shriver*, No. 1:17-CV-280, 2018 WL 776365, at *2 (S.D. Ohio Feb. 8, 2018) (citing *Ohio State Bd. of Pharm. v. Franz*, 555 N.E.2d 630, 663 (Ohio 1990)). CareSource correctly points out equitable estoppel only applies as a defense and not as an affirmative claim. Doc. No. 12 at PageID 95-96; Doc. No. 17 at PageID 136, n.4. Abira concedes this point in its Response and states it "reserves the right to assert [equitable estoppel] in the future." Doc. No. 15 at PageID 119. Thus, the Court **GRANTS** CareSource's motion to dismiss Abira's equitable estoppel claim.

### 4. Promissory Estoppel

Ohio law establishes the promissory estoppel doctrine as "a promise that the promisor 'should reasonably expect to induce action or forbearance on the part of the promisee or a third person and . . . [that] does induce such action or forbearance is binding' if one can avoid injustice only by enforcing the promise." *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 503 (6th Cir. 2003) (quoting *McCrosky v. Ohio*, 456 N.E.2d 1204, 1205 (Ohio 1983)). The elements of promissory estoppel are: "'[1] a promise, clear and unambiguous in its terms; [2] reliance [on the promise] by the party to whom the promise is made; [3] that the reliance was reasonable and foreseeable; and [4] that the party claiming estoppel was injured by the reliance.'" *Id.* (quoting *Rigby v. Fallsway Equip. Co., Inc.*, 779 N.E.2d 1056, 1061 (Ohio Ct. App. 2002)).

A promise is a "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." *Dailey v. Craigmyle & Son Farms, L.L.C.*, 894 N.E.2d 1301, 1307 (Ohio Ct. App. 2008) (internal quotation omitted). Promissory estoppel's first element—a clear and unambiguous promise—"is not satisfied by vague or ambiguous references." *Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. App'x 369, 375 (6th Cir. 2009) (quoting *Casillas v. Stinchcomb*, No. E–04–041, 2005 WL 1845318, at *3 (Ohio Ct. App. July 8, 2005)).[3]

CareSource argues Abira has not met the clear and unambiguous promise element that would support reasonable reliance and damages because Abira has not alleged any specific instances where a CareSource employee promised to pay Abira for any specific service. Doc. No.

---

[3] The Court also notes, under Ohio law, the presence of an enforceable contract between the parties generally precludes a promissory estoppel claim regarding the contract. *See O'Neill v. Kemper Ins. Cos.*, 497 F.3d 578, 583 (6th Cir. 2007) ("In Ohio, [w]here the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel . . . ." (alteration in original) (internal quotation marks and citation omitted)). As discussed above, Plaintiff pleads a plausible breach of contract claim.

12 at PageID 95-96. Abira argues that its promissory estoppel claim has merit because CareSource engaged in a "course of conduct" paying some but not all claims over several years, and the "course of conduct constituted a representation[.]" Doc. No. 11 at PageID 71; Doc. No. 15 at PageID 119.

CareSource is correct. Abira makes vague and ambiguous references and does not allege that CareSource made any specific promises regarding reimbursement to satisfy the clear and unambiguous promise element of promissory estoppel. *See Dailey*, 894 N.E.2d at 1308-9 (holding no "clear and unambiguous promise" where party did not make a specific promise or statement about paying for a repair); *see also Farmers' Ethanol LLC v. Bounty Mins., LLC*, 666 Fed. App'x 421, 426-27 (6th Cir. 2016) (holding under Ohio law that plaintiff failed to plead promissory estoppel where defendant's conduct, including its silence, did not raise to the level of a clear and unambiguous promise). The Court **GRANTS** CareSource's motion to dismiss Abira's promissory estoppel claim.

### D. Count IV: Quantum Meruit/Unjust Enrichment

Under Ohio law, unjust enrichment and quantum meruit claims, although separate and distinct causes of action, share the same essential elements: "(1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to permit the defendant to retain the benefit without payment." *Grassi v. Grassi*, No. 20-3358, 2021 WL 3355475, at *5 (6th Cir. Aug. 3, 2021) (citing *Meyer v. Chieffo*, 950 N.E.2d 1027, 1039-40 (Ohio Ct. App. 2011); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)). Unjust enrichment and quantum meruit claims differ regarding the damages calculation. *See id.* ("Damages for an unjust enrichment claim are the amount of the defendant's benefit, while damages for a quantum meruit claim are the measure of the value of the plaintiff's services, less any damages incurred by the defendant").

A plaintiff may not recover under a theory of unjust enrichment when an express contract covers the same subject. *Wuliger v. Mfrs. Life Ins. Co.,* 567 F.3d 787, 799 (6th Cir. 2009) (applying Ohio law).  However, when the parties dispute the existence or enforceability of a contract, a plaintiff may argue these two claims in the alternative.  Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief"); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency"); *see Miranda v. Xavier Univ.*, 594 F. Supp. 3d 961, 974 (S.D. Ohio 2022); *Highman v. Gulfport Energy Corp.*, No. 2:20-cv-1056, 2020 WL 6204344, at *2-3 (S.D. Ohio Oct. 22, 2020) (applying Ohio law).

CareSource argues Abira's unjust enrichment/quantum meruit claim should be dismissed because a contract covers the parties' relationship, but CareSource denies Abira has plausibly plead the existence of a contract.  Doc. No. 12 at PageID 97; Doc. No. 17 at PageID 136-37.  Abira argues that it claims unjust enrichment/quantum meruit in the alternative to its breach of contract claim.  Doc. No. 15 at PageID 120.  At the motion to dismiss stage, a plaintiff may plead in the alternative when there is a dispute about a contract's existence and the scope of the contract can be developed in discovery.  *See Miranda,* 594 F. Supp. 3d at 974; *Highman*, 2020 WL 6204344, at *2-3.

Abira alleges that it conferred a benefit upon CareSource when it performed laboratory testing services, CareSource was aware of the benefits, and it was unjust for CareSource to "fail[] and refus[e] to compensate Plaintiff" for its services.  Doc. No. 11 at PageID 73-74.  Accordingly, Abira has plead all the required elements for unjust enrichment/quantum meruit.  At this early stage of the litigation, the Court **DENIES** CareSource's motion to dismiss the unjust enrichment/quantum meruit claim.

11

### III. Conclusion

Based upon the foregoing, CareSource's motion is **GRANTED IN PART AND DENIED IN PART**. Doc. No. 12. Counts II and III of the Amended Complaint (Doc. No. 11) are **DISMISSED WITH PREJUDICE**. Abira may pursue only its breach of contract and quantum meruit/unjust enrichment claims against CareSource. The Court shall issue an order requiring the parties to meet and confer, pursuant to Fed. R. Civ. P. 16, by separate entry. Discovery shall proceed forthwith. This matter is **REFERRED** to Magistrate Judge Silvain, in his role as Dayton mediation coordinator, to schedule a mediation conference call between Magistrate Judge Caroline Gentry and counsel for both sides.

**IT IS SO ORDERED.**

November 18, 2024                           s/*Michael J. Newman*
                                            Hon. Michael J. Newman
                                            United States District Judge