**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC, | : | Case No. 3:24-cv-157 |
| | : | |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| CARESOURCE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

### REPORT AND RECOMMENDATION[1]

---

This case is before the Court upon Defendant CareSource's Motion for Sanctions (Doc. #29); Plaintiff's Response in Opposition (Doc. #30); and Defendant CareSource's Reply (Doc. #31). On December 15, 2025, District Judge Michael J. Newman referred Plaintiff's Motion to the undersigned. (Doc. #40).

### I.    Background

Plaintiff Abira Medical Laboratories, LLC ("Abira"), doing business as Genesis Diagnostics, performed laboratory testing services for Defendant CareSource's insured members ("members"). ( Doc. #11, *PageID* #65). Abira alleges that "the requisitions of laboratory testing services" submitted on CareSource members' behalf included an assignment of benefits that created a contractual agreement requiring CareSource to pay Abira for services and allowing Abira to sue for non-payment. *Id.* at 65-66. As a result of the alleged assignment of benefits, Abira asserts that CareSource has failed to pay (or has underpaid) Abira's claims submitted to CareSource, totaling $665,518. *Id.* at 68-69, 82.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

In Abira's Amended Complaint, it alleged seven state-law claims against CareSource. However, upon CareSource's Motion to Dismiss, United States District Judge Michael J. Newman dismissed several claims. (Doc. #19). The only remaining claims against CareSource are Abira's breach of contract and quantum meruit/unjust enrichment claims. *Id.*

On January 10, 2025, CareSource served its first set of discovery requests on Abira. (Doc. #29, *PageID* #185). Abira responded on February 24, 2025. *Id.* After reviewing Abira's responses, on June 3, 2025, CareSource served Abira with its First Request for Admission, Second Set of Interrogatories, and Second Requests for Production of Documents (together, "June Discovery Requests"). *Id.*; (Doc. #29-1, *PageID* #s 195, 199-210); (Doc. #30, *PageID* #236). Abira's responses and objections to these Requests were due July 3, 2025. (Doc. #29, *PageID* #185). On July 1, 2025, Abira asked CareSource for a 21-day extension of time to respond. *Id.*; (Doc. #29-1, *PageID* #195). CareSource agreed to extend the deadline for Abira's responses to the interrogatories and documents to July 11, 2025, but asked that Abira respond to the Requests for Admission by July 3, 2025. (Doc. #29, *PageID* #186); (Doc. #29-1, *PageID* #s 195-96). As requested, Abira served its responses to the Requests for Admission on July 3, 2025. *Id.* However, Abira did not provide any responses to the interrogatories and document requests by July 11, 2025, nor did Abira provide any explanation or indication that the responses were forthcoming. *Id.*

On July 2, 2025, CareSource served Abira with a Fed. R. Civ. P. 30(b)(6) corporate representative deposition notice. (Doc. #29, *PageID* #186); (Doc. #29-1, *PageID* #s 196, 211-16); (Doc. #30, *PageID* #237). CareSource asked Abira to provide its representative's availability so the parties could find a mutually agreeable date for the deposition, identifying July 24, 2025, as a placeholder date. (Doc. #29, *PageID* #186).

When CareSource did not receive responses from Abira to its interrogatories, document requests, and deposition notice, counsel for CareSource attempted to contact Abira's counsel by email on July 14, July 16, and July 17, and by telephone on July 17. (Doc. #29, *PageID* #s 186-87); (Doc. #29-1, *PageID* #s 196, 225-27). On July 17, 2025, after the parties discussed issues with Abira's local counsel, Abira's counsel reported that he was not available on July 24, 2025 for the deposition and that he hoped to provide responses to the June Discovery Requests by July 18, 2025, or July 21, 2025. (Doc. #29, *PageID* #s 186-87); (Doc. #29-1, *PageID* #s 196-97, 224). When Abira did not provide the responses by July 22, 2025, counsel for CareSource emailed Abira's counsel to inquire about the status. *Id.* The next day, when no response was received, counsel for CareSource sent Abira's counsel a follow-up email. (Doc. #29, *PageID* #187); (Doc. #29-1, *PageID* #s 197, 223). On July 24, 2025, counsel for Abira responded that he was traveling but would have a response the next day. (Doc. #29, *PageID* #187); (Doc. #29-1, *PageID* #s 197, 222-23). When Abira failed to respond on July 25, 2025, counsel for CareSource requested an informal discovery teleconference with the Court. (Doc. #29, *PageID* #187); (Doc. #29-1, *PageID* #s 197, 221-22).

On August 12, 2025, the undersigned held a discovery teleconference with counsel for the parties. During the teleconference, counsel for Abira indicated that written responses to CareSource's June Discovery Requests were drafted but waiting on client approval. *See* Doc. #29, *PageID* #187; Doc. #29-1, *PageID* #197. Further, counsel for Abira indicated that the failure to respond to the June Discovery Requests and deposition notice were attributable to client delay, including the client's overseas travel. *Id.* The undersigned ordered Abira to designate their Fed. R. Civ. P. 30(b)(6) representative, provide written responses to the June Discovery Requests, and enter an appearance of local counsel within fourteen days. *See* Aug. 12, 2025 Minute Entry.

3

Further, the undersigned extended the discovery deadline to October 30, 2025, for the limited purpose of completing the discovery Defendant propounded on Plaintiff and taking a Fed. R. Civ. P. 30(b)(6) deposition. *See* Aug. 12, 2025 Notation Order.

CareSource asserts that, as of August 27, 2025, Abira failed to designate their Fed. R. Civ. P. 30(b)(6) representative or provide written responses to the June Discovery Requests by August 26, 2025. (Doc. #29, *PageID* #187); (Doc. #29-1, *PageID* #198). On August 27, 2025, CareSource filed its Motion for Sanctions that is presently before the Court. (Doc. #29).

## II.  <u>Standard of Review</u>

Federal Rule of Civil Procedure 37(b) authorizes sanctions for a party's failure to obey an order requiring discovery. Sanctions may include directing facts to be taken as established, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, staying proceedings, dismissing the action, rendering default judgment against the disobedient party, or treating as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A). In lieu of or in addition to these sanctions, a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

When considering whether dismissal is an appropriate sanction, the court considers four factors: 1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the failure to cooperate in discovery; 3) whether the party was warned that a failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered. *Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at *2 (6th Cir. Dec. 14, 2017) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir.

1997)).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct."  *Bryant v. U.S. Postal Service*, 166 F. App'x 207, 210 (6th Cir. 2006) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

## III.  <u>Analysis</u>

CareSource moves for sanctions pursuant to Fed. R. Civ. P. 37(b)(2), requesting that the Court dismiss Abira's claims in their entirety and require Abira to pay CareSource its reasonable attorney fees incurred as a result of its discovery failures.  (Doc. #29).

### A.  **Willfulness, Bad Faith, or Fault**

A plaintiff's action demonstrates willfulness, bad faith, or fault when the plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005)).  Importantly, when considering this factor, the Sixth Circuit has repeatedly specified that dismissal should only be ordered where there is a "clear record of delay or contumacious conduct."  *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)) (internal quotation marks omitted).  Contumacious conduct consists of behavior that is "'perverse in resisting authority' and 'stubbornly disobedient.'"  *Schafer*, 529 F.3d at 737 (quoting Webster's Third New Int'l Dictionary 497 (1986)).  Generally, the plaintiff must bear some responsibility for the conduct, as "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney."  *Carter*, 636 F.2d at 161.

CareSource asserts that, at the time of its Motion, Abira had CareSource's discovery requests for over three months and, at the time of the August 12 teleconference, had the responses drafted for several weeks.  (Doc. #29, *PageID* #189).  According to CareSource, "[o]nly gross

5

neglect or willfulness could explain the failure to provide them …." *Id.* In CareSource's Reply, it argues that sanctions are further warranted because Abira's responses to its June Discovery Requests are deficient. (Doc. #31, *PageID* #s 253-55).

Abira, however, argues that its failure to serve responses to the June Discovery Requests was not due to willfulness, bad faith, or fault. (Doc. #30, *PageID* #240). Abira notes that it timely responded to CareSource's first set of discovery requests, demonstrating that Abira was not attempting to evade its discovery obligations. *Id.* Additionally, counsel for Abira indicates that the combined responses to CareSource's interrogatories and document requests were verified by Abira's corporate representative, Abraham Miller, and sent to counsel on August 19, 2025. (Doc. #30, *PageID* #237). However, "due to inadvertence," the responses were not served on CareSource until September 8, 2025, after Abira's counsel reviewed the Motion for Sanctions and realized his mistake. *Id.*; (Doc. #30-1, *PageID* #248). Counsel for Abira explains that August 2025 was the busiest month of his career; he had a one-week trial stretch into a third week, six depositions, and numerous court appearances. (Doc. #30-1, *PageID* #248). As a result of this—as well as staff leaving the firm—he inadvertently failed to forward Abira's responses to CareSource. *Id.* Counsel for Abira asserts "that there was never an intention to fail to participate in discovery in this case, that Plaintiff has at all times diligently attempted to fulfill all relevant requests, and that the failure to serve upon Defendant the portion of the discovery demands not timely provided was the fault of counsel, not Plaintiff." *Id.* at 249.

The Court is sympathetic to CareSource's frustration with Abira's dilatory conduct. Despite CareSource agreeing to brief extension of the response deadline, Abira failed to serve timely responses to CareSource's Second Set of Interrogatories and Second Requests for Production of Documents. When asked repeatedly for the responses, Abira nonetheless failed to

6

produce responses. Even after the undersigned ordered Abira to provide responses, Abira did not. Indeed, it was not until almost two months after the responses were due that Abira served its responses. Further, Abira did not provide the name and availability of its Fed. R. Civ. P. 30(b)(6) witness in response to CareSource's requests or after the Court ordered Abira to do so. In fact, Abira did not identify its witness until it filed its Response in Opposition to CareSource's Motion for Sanctions—more than two months after it received CareSource's notice.

Nevertheless, Abira has participated in discovery in this case. Abira served timely responses to CareSource's first set of discovery requests and to CareSource's Requests for Admission. Moreover, counsel for Abira has participated in teleconferences with the undersigned. Further, Abira did eventually serve responses to CareSource's request and identify its witness. Additionally, the delay in this case has not been substantial; the Court has only extended the discovery and dispositive motion deadlines by less than three months. *See* Doc. #s 27, 35; Aug. 12, 2025; Notation Order; Oct. 29, 2025. Further, to the extent that CareSource asserts that Abira's responses to the June Discovery Requests were deficient, this issue is not fully briefed and will not be considered by the undersigned.

Based on the facts before the Court, the undersigned cannot find that Abira "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer*, 529 F.3d at 737; *Patterson v. Twp. of Grand Blanc*, 760 F.2d 686, 687 (6th Cir. 1985) (reversing the district court's dismissal with prejudice, even after counsel failed to comply with procedural rules, failed to submit documents according to court-ordered deadlines, failed to initiate any discovery, and submitted answers to interrogatories four and a half months late). Moreover, Abira's conduct cannot be characterized as contumacious. Accordingly, this factor weighs against dismissal.

7

### B.    Prejudice to the Opposing Party

Turning to the second factor, "a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 737 (quoting *Harmon,* 110 F.3d at 367). In assessing this factor, the Sixth Circuit has "distinguished between efforts 'necessitated by' the plaintiff's 'lack of cooperation,' and those that are 'typical steps in the early stages of litigation and are to be expected when one is served with a complaint.'" *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*, No. 23-5651, 2024 WL 2830660, at *5 (6th Cir. June 4, 2024) (quoting *Schafer*, 529 F.3d at 739).

CareSource asserts that it "has been forced to expend considerable time and money" because of Abira's conduct. (Doc. #29, *PageID* #189). Specifically, CareSource spent time and money following up with Abira's counsel regarding the late discovery responses and proposed depositions, seeking the Court's intervention to obtain outstanding discovery responses, and filing its Motion for Sanctions. *Id.* Furthermore, CareSource argues that the Court had to extend both the discovery and dispositive motion deadlines as a result of Abira's failures. *Id.* CareSource indicates that it intended to file a motion for summary judgment—"a motion that has been delayed …." *Id.* CareSource has since filed its Motion for Summary Judgment. (Doc. #37). Furthermore, in its Reply, CareSource asserts that it continues to suffer prejudice from Abira's conduct. (Doc. #31, *PageID* #255). CareSource explains that although Abira provided the name of its Fed. R. Civ. P. 30(b)(6) witness, Abira did not provide any available dates for his deposition. *Id.* Thus, according to CareSource, it "will need to engage in yet another timely and expensive meet-and-confer process to obtain substantive responses …." *Id.*

In contrast, Abira argues that CareSource has not been prejudiced because the information requested in the Second Set of Interrogatories and Second Requests for Production of Documents was previously provided to CareSource in response to the first set of discovery responses.  (Doc. #30, *PageID* #241).  Thus, according to Abira, CareSource could have prepared a motion for summary judgment in a timely manner based on the information Abira already provided.  *Id.*

Regardless of whether Abira believes that it already provided the requested information, Abira was legally obligated to provide responses to CareSource's Second Set of Interrogatories and Second Requests for Production of Documents and designate a Fed. R. Civ. P. 30(b) deponent.  *See Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony").  As a result of Abira's failure, CareSource spent both time and money following up with counsel for Abira, seeking the Court's intervention, and filing the instant motion.  Thus, Abira's failure to respond to the June Discovery Requests and deposition notice in a timely manner prejudiced CareSource.  Accordingly, this factor weighs in favor of dismissal.

### C.    Notice of Possibility of Dismissal

Next, the Court considers whether Abira was warned that a failure to cooperate could lead to dismissal.  The Sixth Circuit "has repeatedly deemed dismissal an abuse of discretion when the court 'did not put the derelict parties on notice that further noncompliance would result in dismissal.'"  *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*, No. 23-5651, 2024 WL 2830660, at *5 (6th Cir. June 4, 2024) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).  Notably, "boilerplate language, which does not explicitly identify dismissal as a sanction,"

is not sufficient to put a party on notice of such a harsh sanction. *Carpenter v. City of Flint*, 723 F.3d 700, 708 (6th Cir. 2013) (citing *Freeland v. Amigo,* 103 F.3d 1271, 1279 (6th Cir. 1997)).

In this case, although the undersigned informed Abira's counsel, at the August 12 teleconference, that his failure to cooperate in discovery could result in sanctions, the undersigned did not advise him that his conduct could result in dismissal. Accordingly, this factor weighs against dismissal.

### D. Less Drastic Sanctions Imposed or Considered

The last factor asks whether less drastic sanctions were considered or imposed before dismissal was ordered. *Schafer*, 529 F.3d at 737. Such sanctions might include ordering that certain "designated facts be taken as established for purposes of the action, as the prevailing party claims," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," among other things. *See* Fed. R. Civ. P. 37(b)(2)(A) (listing potential sanctions for failing to obey a discovery order).

In this case, the Court has not yet considered or utilized a lesser sanction. As such, this factor weighs against granting CareSource's request for dismissal.

In sum, Abira failed to (1) provide timely responses to portions of CareSource's June Discovery Requests, (2) timely designate a Fed. R. Civ. P. 30(b) witness, and (3) follow the Court's Order regarding the discovery responses and Fed. R. Civ. P. 30(b) witness. Although Abira's conduct delayed discovery in this case, there is not a clear record of contumacious conduct by Abira. Accordingly, the undersigned recommends that CareSource's request for dismissal be **DENIED**.

E.      **Attorney Fees**

CareSource also requests that the Court order Abira to pay CareSource its reasonable attorney's fees incurred as a result of Abira's discovery failures, including bringing the Motion for Sanctions.  (Doc. #29, *PageID* #181).

Under Rule 37(b)(2)(C), instead of or in addition to the sanctions identified in Fed. R. Civ. P. 37(b)(2)(A), a court must order a disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with discovery orders "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  "[S]ubstantially justified" has been defined as raising an issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

At the August 12 teleconference, the undersigned ordered Abira to designate their Fed. R. Civ. P. 30(b)(6) representative and provide written responses to the outstanding June Discovery Requests within fourteen days.  *See* Aug. 12. 2025 Minute Entry.[2]  Despite this Order, Abira did not serve its responses to the discovery requests until September 8, 2025, and did not identify its witness until September 18, 2025—after CareSource filed its Motion for Sanctions.

Although Abira's counsel explains that he mistakenly believed that the discovery responses had already been served on CareSource, he does not explain Abira's failure to identify its Fed. R. Civ. P. 30(b)(6) representative.  Given the lack of explanation, the undersigned finds that Abira's failure to comply with the undersigned's order is not substantially justified and an award of expenses is not unjust.  Accordingly, the undersigned recommends that CareSource's request for

---

[2] The minute entry reflects the undersigned's order to identify their Fed. R. Civ. P. 30(b)(6) representative but does not include the order to respond to CareSource's discovery requests.

reasonable attorney fees incurred as a result of Abira's failure to follow the Court's Order be **GRANTED**.

IV.     **Conclusion**

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant CareSource's request that Abira's claims be dismissed in their entirety, with prejudice, be **DENIED** and that Defendant CareSource's request that the Court require Abira to pay CareSource its reasonable attorney fees incurred as a result of Abira's failure to follow the Court's Order be **GRANTED**.

                    **IT IS THEREFORE RECOMMENDED THAT**:

1.     CareSource's Motion for Sanctions (Doc. #29) be **GRANTED IN PART** and **DENIED IN PART**; and

2.     CareSource be **DIRECTED** to submit, **within 14 days of any Decision and Entry adopting this Report and Recommendation**, a memorandum delineating the costs, expenses, and attorneys' fees reasonably incurred by CareSource as a result of Abira's failure to comply with the Court's Order. Thereafter, **Abira shall have 14 days to respond** to CareSource's memorandum in support of the sanction amount.

January 30, 2026                          *s/Peter B. Silvain, Jr.*
                                          Peter B. Silvain, Jr.
                                          United States Magistrate Judge

12

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).