UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ABIRA MEDICAL LABORATORIES, LLC,

      Plaintiff,

vs.

CARESOURCE, *et al.*,

      Defendants.

Case No. 3:24-cv-157

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTION (Doc. No. 50); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 47); (3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS (Doc. No. 29); AND (4) DIRECTING DEFENDANT TO FILE, WITHIN 14 DAYS, A MEMORANDUM DELINEATING THE COSTS, EXPENSES, AND ATTORNEY'S FEES REASONABLY INCURRED AS A RESULT OF PLAINTIFF'S NONCOMPLIANCE WITH MAGISTRATE JUDGE SILVAIN'S DISCOVERY ORDER**

---

Plaintiff Abira Medical Laboratories, LLC brings this case against Defendant CareSource.[1] Doc. Nos. 1, 11. Plaintiff claims Defendant breached the parties' contract by refusing to pay Plaintiff for laboratory testing services. *See* Doc. No. 11 at PageID 63.

On August 27, 2025, during the discovery phase of the case, Defendant filed a motion for sanctions, contending Plaintiff should be sanctioned for failing to participate in discovery and disregarding the Court's discovery Orders. Doc. No. 29 at PageID 188. Defendant requested dismissal of Plaintiff's claims, with prejudice, as well as an award of attorney's fees. *Id.* at PageID 189-92. Plaintiff responded (Doc. No. 30), and Defendant replied (Doc. No. 31). The Court

---

[1] Plaintiff also named as Defendants ABC Companies 1-100 and John Does 1-100 but did not explain their potential identities or involvement in its operative, amended complaint. *See* Doc. No. 11. As such, the Court hereafter uses "Defendant" to refer solely to Defendant CareSource.

referred Defendant's motion for sanctions to Magistrate Judge Peter B. Silvain, Jr. to issue a Report and Recommendation, or Order, as appropriate.  Doc. No. 40.

On January 30, 2026, Magistrate Judge Peter B. Silvain, Jr. issued a Report and Recommendation ("R&R") in which he recommended granting in part and denying in part Defendant's motion for sanctions.  Doc. No. 47.  Judge Silvain recommended granting Defendant's request that Plaintiff pay Defendant's reasonable attorney's fees incurred as a result of Plaintiff's failure to follow Judge Silvain's Order during the discovery teleconference on August 12, 2025, and denying Defendant's request for complete dismissal of Plaintiff's claims.  *Id*.  Plaintiff filed a timely objection to the R&R solely as to the recommended sanction that, if accepted, would require Plaintiff to pay Defendant's attorney's fees.  Doc. No. 50.  Defendant filed a response.  Doc. No. 54.  Thus, the objection to the R&R is now ripe for review.

The Court has reviewed *de novo*, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), Plaintiff's objection and all filings in this matter.  The Court finds no merit in Plaintiff's objection.  Judge Silvain's R&R is not "clearly erroneous or … contrary to law."  28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).

Accordingly, Plaintiff's objection is **OVERRULED**.  The R&R is hereby **ADOPTED** in full.  As such, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for sanctions.  Doc. No. 29.  The Court **DENIES** Defendant's request that Plaintiff's claims be dismissed in their entirety and **GRANTS** Defendant's request to require Plaintiff to pay Defendant's reasonable attorney's fees incurred as a result of Plaintiff's noncompliance with the Judge Silvain's Order on August 12, 2025.  As such, Defendant is hereby **DIRECTED TO FILE**, within 14 days of this Order, a memorandum delineating the costs, expenses, and attorney's fees

reasonably incurred by Defendant as a result of Plaintiff's failure to comply with the Judge Silvain's Order.  Thereafter, Plaintiff shall have 14 days to respond.

Finally, no appeal is presently available in this case because this Order is not a final appealable order.  *See* 28 U.S.C. § 1291; *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 208 (1999) ("[t]o permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process").

**IT IS SO ORDERED.**

 February 24, 2026                                     s/Michael J. Newman
                                                      Hon. Michael J. Newman
                                                      United States District Judge