UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ABIRA MEDICAL LABORATORIES, LLC,

     Plaintiff,                            Case No. 3:24-cv-157

vs.

CARESOURCE, *et al.*,                   Magistrate Judge Michael J. Newman
                                         Magistrate Judge Peter B. Silvain, Jr.

     Defendants.

---

**ORDER AND ENTRY: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CARESOURCE'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 56) IN THE AMOUNT OF $18,409.00; (2) ORDERING PLAINTIFF TO PAY DEFENDANT $18,409.00 WITHIN THIRTY (30) DAYS; AND (3) DENYING DEFENDANT LEAVE TO SUBMIT A SUPPLEMENTAL APPLICATION TO COLLECT THE FEES EXPENDED IN PREPARING ITS MOTION FOR FEES**

---

This civil case is before the Court on Defendant CareSource's motion for attorney's fees and costs resulting from sanctionable conduct.  Doc. No. 56.  Plaintiffs filed a memorandum in opposition (Doc. No. 61), and Defendant filed a reply (Doc. No. 62).  The Court has carefully considered the parties' briefs and the entire record, and the motion is now ripe for decision.

## I.  Standard of Review

Fed. R. Civ. P. 37(b)(2)(C) allows a court to award "reasonable expenses, including attorney's fees, caused by the failure [to comply with a court order regarding discovery]."  To determine reasonable attorney's fees, "[i]t is well settled that the 'lodestar' approach is the proper method[.]"  *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). "In applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983)).  A

"strong presumption" exists "that this lodestar figure represents a reasonable fee." *Id.* (citations omitted).

## II. Background

On August 27, 2025, Defendant filed a motion for sanctions (Doc. No. 29), which the undersigned referred to Magistrate Judge Peter Silvain, Jr. (Doc. No. 40). The conduct at issue stemmed from an alleged failure to adhere to an Order that Judge Silvain issued during a discovery conference on August 12, 2025. *See* Aug. 12, 2025 Minute Entry. During the conference, Judge Silvain instructed Plaintiff to designate their Fed. R. Civ. P. 30(b)(6) representative, provide written responses to Defendant's "June Discovery Requests" and enter an appearance of local counsel, all within fourteen days. *See* Aug. 12, 2025 Minute Entry. As of August 27, 2025, Defendant claimed in its motion for sanctions that Plaintiff failed to designate their Fed. R. Civ. P. 30(b)(6) representative and provide written responses to Defendant's "June Discovery Requests" by the deadline. Doc. No. 29.

On January 30, 2026, Judge Silvain issued a Report and Recommendations ("R&R") recommending that the undersigned grant in part and deny in part Defendant's motion. Doc. No. 47. After reviewing the R&R, the objections to the R&R (Doc. No. 50) and the entire record, the Court adopted Judge Silvain's R&R, thereby granting in part Defendant's motion for sanctions. Doc. No. 55. The Court also directed Defendant to file a memorandum delineating the costs, expenses, and attorney's fees it reasonably incurred as a result of Plaintiff's failure to comply with Judge Silvain's Order. Doc. No. 55. As ordered, Defendant filed a motion for attorney's fees seeking $18,548.09 in costs, expenses and fees. Doc. No. 56.

Counsel for Defendant calculates the hours spent litigating the disputes at issue for hourly rates between $195 and $550 per hour, accounting for three attorneys and two paralegals. Doc.

No. 56-1 at PageID 877-78; 882-900; 907-08. Attorney Erin Rhinehart, a partner with Faruki PLL, has more than 20 years of experience in commercial litigation and provided an affidavit as to the hourly rates of the attorneys and paralegals involved in this matter. Doc. No. 56-1 at PageID 877; Doc. No. 62-1 at PageID 1606. Attorney Rhinehart's billable hourly rate was $500 until December 31, 2025, and it increased to $550 from January 1, 2026 and onward. Doc. No. 56-1 at PageID 877-78. Jason Palmer, an attorney with Faruki PLL, has almost 15 years of experience in commercial litigation. *Id.* at PageID 878. His billable hourly rate was $385 until December 31, 2025, and it increased to $485 from January 1, 2026 and onward. *Id.* Attorney Teresa LaBello had a billable hourly rate of $275 for the relevant time period. *Id.* Finally, two paralegals who assisted on the matter, Natasha Wilson and Kelly Finn, each have a billable hourly rate of $195. *Id.* Attorney Rhinehart claims that all these rates are reasonable within the marketplace based on her experience in commercial litigation within the Southern District of Ohio. Doc. No. 62-1 at PageID 1607.

Plaintiff opposed Defendant's motion by arguing: (1) the fees must be limited to those directly and causally connected to the losses the movant would not have suffered but for the specific misconduct at issue; (2) the fees incurred in opposing Plaintiff's objections should be excluded; (3) any recoverable fees should be reduced due to Defendant's block billing; (4) attorney Jason Palmer's hourly rate increase should be reduced; (5) Defendant should not be permitted to seek additional fees in a supplemental application; and (6) one specific fee—the deposition cancellation fee—had already been paid. Doc. No. 61.

In its reply, Defendant withdrew a portion of its requested fees—initially sought for $18,548.09—and lowered the requested amount to $18,409.00, conceding that the deposition

cancellation fee of $139.09 had already been paid in full by Plaintiff. Doc. No. 62 at PageID 1599. Defendant replied to each of Plaintiff's remaining arguments, and the matter is now ripe for review.

### III. Analysis

Plaintiff first argues the fees must be limited to those directly and causally connected to the losses the movant would not have suffered but for the specific misconduct at issue, which Plaintiff characterizes as a failure to produce a Rule 30(b)(6) deponent. Doc. No. 61 at PageID 1584. However, Judge Silvain and this Court have already rejected this narrow reading of the sanctions at issue because Judge Silvain himself ordered Plaintiff during the August 12 teleconference to designate its representative *and* provide written discovery responses. Doc. No. 47 at PageID 398 ("[T]he undersigned ordered Abira to designate their Fed. R. Civ. P. 30(b)(6) representative and provide written responses to the outstanding June Discovery Requests within fourteen days"). Further, the Court previously overruled Plaintiff's same argument when it reviewed Plaintiff's objections to the R&R. *See* Doc. No. 55 at PageID 868 ("The Court finds no merit in Plaintiff's objection").

Second, Plaintiff argues the fees Defendant incurred in opposing Plaintiff's objections should be excluded. Doc. No. 61 at PageID 1587. The controlling question is whether these fees would not have been incurred but for Plaintiff's failure to follow Judge Silvain's Order. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (When awarding attorney's fees for sanctionable conduct, "the court can shift only those attorney's fees incurred because of the misconduct at issue"). Had Plaintiff followed Judge Silvain's Order, there would have been no resulting R&R, and therefore no objections to the R&R filed by Plaintiff for Defendant to oppose. Thus, Defendant would not have incurred these fees but for Plaintiff's failure to follow Judge Silvain's Order.

Third, Plaintiff argues any recoverable fees should be reduced due to Defendant's block billing.  Doc. No. 61 at PageID 1589.  Plaintiff's examples of Defendant's block billing, however, are three entries at 0.60 hours, 0.40 hours, and 0.30 hours.  *Id.* at PageID 1591.  These entries, of less than one hour each, weigh against a finding of block billing.  *See Schleben v. Carpenters Pension Trust Fund-Detroit and Vicinity*, Nos. 13-CV-14464, 14-CV-11564, 2016 WL 806707, at *10-11 (E.D. Mich. Mar. 2, 2016) (rejecting block billing entries combining unrelated tasks over several hours, with examples being over 6 hours each).  Further, the time entries listed by Plaintiff do not "lump together time spent on the motion for an award of attorney fees with time spent on other motions and unidentified attachments and affidavits." *Bertram v. Nutone Inc.*, No. C-1-99-218, 2001 WL 1397325, at *4 (S.D. Ohio Mar. 19, 2001).  The Court, after carefully reviewing the time entries of Defendant's attorneys and paralegals, finds that each entry is not a result of block billing. Therefore, the Court declines to reduce the fee award based on this argument.

Fourth, Plaintiff argues that attorney Jason Palmer's hourly rate increase on January 1, 2026—from $385 to $485—should be reduced.  Doc. No. 61 at PageID 1591-93.  The Court had initial concerns about the reasonableness of the hourly rates requested by Defendant's attorneys, including Attorney Palmer.  While Attorney Rhinehart's hourly rate was backed by her status as a partner with over 20 years of experience in commercial litigation, Attorney Palmer was not designated as a partner, yet he has "almost" 15 years of experience in commercial litigation.  Doc. No. 62-1 at PageID 1606-07.  Courts may rely on parties' "submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience" to assess prevailing market rates.  *See Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 Fed. Appx. 496, 499 (6th Cir. 2011).  Courts in the Southern District of Ohio have approved of similar hourly rates for attorneys with similar experience to both Attorney Palmer and Attorney Rhinehart.  *See Yerkes v.*

*Ohio State Hwy. Patrol*, No. 2:19-CV-2047, 2024 WL 4929293, at \*14 (S.D. Ohio Dec. 2, 2024), *appeal dismissed*, No. 25-3002, 2025 WL 992614 (6th Cir. Mar. 19, 2025) (approving an hourly rate of $475 for an attorney with 16 years of experience and an hourly rate of $525 for an attorney with over 20 years of experience); *accord Breitenstein v. Deters*, No. 1:21-CV-00533, 2025 WL 904708, at \*1 (S.D. Ohio Mar. 25, 2025). Because of these analogous cases, the Court agrees with the hourly rates for the attorneys in this case.

Fifth, Plaintiff argues Defendant should not be permitted to seek additional fees in a supplemental application. Doc. No. 61 at PageID 1593-94. The Court agrees. "Ultimately, the reasonableness of an award of fees under Rule 37 is soundly within the Court's discretion." *Davita Inc. v. Marietta Meml. Hosp. Employee Health Benefit Plan*, No. 2:18-CV-1739, 2024 WL 4783910, at \*1 (S.D. Ohio Nov. 14, 2024). Allowing Defendant to seek additional fees in a supplemental application may result in a tedious, never-ending cycle, whereby the parties would be continuously litigating the previous briefings' expenses. For the sake of judicial efficiency, the Court halts the application for fees at this point.

Finally, Plaintiff had already paid one specific fee—the deposition cancellation fee—and Defendant concedes as much. Doc. No. 62 at PageID 1599. Therefore, this amount of $139.09 is excluded from the total awarded to Defendant.

## IV. Conclusion

The Court thus **GRANTS IN PART AND DENIES IN PART** Defendant's motion for attorney's fees. The Court **ORDERS** that Plaintiff pay Defendant $18,409.00 in attorney's fees and costs within thirty (30) days of this Order. Finally, the Court **DENIES** Defendant leave to submit a supplemental application to collect the fees expended in preparing its motion for fees.

**IT IS SO ORDERED.**

April 10, 2026                              s/*Michael J. Newman*
                                           Hon. Michael J. Newman
                                           United States District Judge